**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

WILDEARTH GUARDIANS
312 Montezuma Ave.
Santa Fe, NM 87501

      Plaintiff,

v.

DIRK KEMPTHORNE, Secretary of the Interior
1849 C Street, NW
Washington, DC 20240

      Defendant.

**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1.      Plaintiff, WildEarth Guardians brings this action against Defendant, Dirk Kempthorne, U.S. Secretary of the Interior, in his official capacity, to force him to carry out his duties under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531 et seq. Secretary Kempthorne (the "Secretary") has failed to comply with his mandatory duty to make a preliminary, "90-day finding," on two separate ESA "listing" petitions, covering a combined total of 681 species, submitted by WildEarth Guardians (the "Petitions"). This lawsuit seeks to force the Secretary to make the overdue findings on WildEarth Guardians' Petitions for the 681 species.

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 16 U.S.C. §§ 1540(c) and (g) (action arising under the ESA and citizen suit provision), and the Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("APA").

3.  This Court has authority to grant WildEarth Guardians' requested relief pursuant to 28 U.S.C. §§ 2201-02 (declaratory and injunctive relief) and 5 U.S.C. §§ 701-706 (APA).

4.  More than 60 days ago, WildEarth Guardians furnished the Secretary with written notice of his violations of the ESA concerning the Petitions and of WildEarth Guardians' intent to sue. See 16 U.S.C. § 1540(g)(2).

5.  The Secretary has not remedied his violations of the ESA by making the overdue findings on the Petitions therefore an actual controversy exists between the parties within the meaning of the Declaratory Judgment Act. 28 U.S.C. § 2001.

6.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) and 16 U.S.C. § 1540(g)(3)(A). Secretary Kempthorne officially resides in this judicial district and the violations set forth in this complaint occurred in this judicial district.

**PARTIES**

7.  Plaintiff WILDEARTH GUARDIANS ("Guardians") sues on behalf of itself and its adversely affected members. WildEarth Guardians is a new non-profit environmental organization created on January 28, 2008, by the merger of three organizations: Forest Guardians; Sinapu; and Sagebrush Sea Campaign. WildEarth Guardians has over 4,500 members, some of whom reside in the District of Columbia, but most of whom reside in the areas of the country where the 681 species covered by the Petitions are found. Forest Guardians, a predecessor in interest of WildEarth Guardians, drafted and submitted the Petitions. WildEarth

Guardians continues this effort of Forest Guardians. WildEarth Guardians has an active endangered species protection campaign, geographically focused on the southern Great Plains, desert Southwest, Colorado Plateau and Rocky Mountains. As part of this campaign, WildEarth Guardians urges the Secretary to list imperiled species, such as those covered by the Petitions, as threatened or endangered species under the ESA. WildEarth Guardians devoted significant organizational resources to preparing the Petitions and is injured by the Secretary's failure to respond to them. WildEarth Guardians is further injured by the Secretary's failure to respond to the Petitions because the Secretary is denying WildEarth Guardians information, to which WildEarth Guardians has a legal right, concerning the Secretary's opinion as to the biological status of these species. This information would be useful to WildEarth Guardians in prioritizing its conservation efforts and in furthering its mission to save imperiled species. WildEarth Guardians' members frequently use and enjoy the species covered by the Petitions, and their habitats, for wildlife viewing, recreational, aesthetic, and scientific activities and will continue to do so. WildEarth Guardians' members have specific and concrete future plans to visit and enjoy these species and their habitats. WildEarth Guardians and its members are particularly concerned with the conservation of these vanishing species and the ecosystems upon which they depend. WildEarth Guardians and its members have a substantial interest in this matter and are adversely affected by the Secretary's failure to comply with the ESA. The requested relief will redress WildEarth Guardians' and its members' injuries.

8. Defendant, DIRK KEMPTHORNE, is the Secretary of the United States Department of the Interior. As such he has ultimate responsibility for implementation of the ESA. He is sued in his official capacity. In this case, the Secretary has delegated his

responsibilities under the ESA to the U.S. Fish and Wildlife Service ("FWS"), an agency within the U.S. Department of the Interior.

## LEGAL BACKGROUND

9. Congress passed the ESA to "provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved, [and] to provide a program for the conservation of such endangered species and threatened species…." 16 U.S.C. 1531(b).

10. To this end, the ESA requires the Secretary to list species of plants and animals that are facing extinction as "threatened" or "endangered" and to designate protected "critical habitat" for each listed threatened or endangered species. 16 U.S.C. § 1533(a). An "endangered species" is "any species which is in danger of extinction throughout all or a significant portion of its range…." 16 U.S.C. § 1532(6). A "threatened species" is a species "which is likely to become an endangered species within the foreseeable future…." 16 U.S.C. § 1532(20).

11. In order for the ESA to protect a species, the Secretary must first officially list the species as either threatened or endangered. 16 U.S.C. § 1533(d). The listing process is the critical first step in the ESA's system of species protection and recovery. The Secretary must also designate portions of a species' habitat as "critical habitat" in order for that habitat to receive several important substantive and procedural protections under the ESA.

12. The Secretary must list a species as endangered or threatened if he finds that <u>any</u> of the following factors are present:

(A) the present or threatened destruction, modification, or curtailment of its habitat or range;

(B) overutilization for commercial, recreational, scientific, or educational purposes;

(C) disease or predation;

4

      (D)    the inadequacy of existing regulatory mechanisms; or

      (E)    other natural of manmade factors affecting its continued existence.

16 U.S.C. § 1533(a)(1). The Secretary must analyze these listing factors "solely on the basis of the best scientific and commercial data available." 16 U.S.C. § 1533(b)(1)(A).

    13.    Any interested person can initiate the listing process by filing a petition to list a species with the Secretary. 16 U.S.C. § 1533(b)(3)(A); 50 C.F.R. § 424.14(a).

    14.    Upon receipt of a petition to list a species, the Secretary is required to make an initial finding known as a "90-day finding." Specifically, within 90 days, the Secretary must determine, "to the maximum extent possible," whether the petition presents "substantial scientific or commercial information indicating that the petitioned action may be warranted." 16 U.S.C. § 1553(b)(3)(A). The ESA's implementing regulations define "substantial information" as "that amount of information that would lead a reasonable person to believe that the measure proposed in the petition may be warranted." 50 C.F.R. § 424.14(b).

    15.    If the Secretary finds that the petition presents substantial information, the Secretary "shall promptly commence a review of the status of the species concerned," and must publish the finding in the Federal Register. 16 U.S.C. § 1533(b)(3)(A).

    16.    If the Secretary makes a positive 90-day finding, he has 12 months from the date that the petition was received to make one of three additional findings: (1) the petitioned action is not warranted; (2) the petitioned action is warranted; or (3) the petitioned action is warranted but presently precluded by other pending proposals to list species of higher priority, provided that the Secretary is making expeditious progress on other listing actions. 16 U.S.C. § 1533(b)(3)(B); 50 C.F.R. § 424.14(b)(3). This is known as the 12-month finding.

17. If the Secretary makes a 12-month finding that the petitioned action is warranted, then he must publish a proposed rule to list the species as endangered or threatened in the Federal Register. 16 U.S.C. § 1533(b)(5).

18. Within one year of the publication of a proposed rule to list a species, the Secretary must make a final decision on the proposal. 16 U.S.C. § 1533(b)(6)(A).

19. "Concurrently" with listing a species as threatened or endangered, the Secretary must designate critical habitat for the species to the maximum extent prudent and determinable. 16 U.S.C. §1533(a)(3)(A)(i), see also § 1533(b)(6)(C).

20. Designation of critical habitat for listed species provides additional necessary protection and aids in the conservation of the species because all federal agencies must consult with the Secretary to "insure that an action authorized, funded, or carried out by [federal agencies] is not likely to jeopardize the continued existence of any endangered species or threatened species *or result in the destruction or adverse modification of [its critical habitat]*." 16 U.S.C. § 1536(a)(2) (emphasis added).

## FACTS

### I. The Southwest Petition

21. On June 18, 2007, WildEarth Guardians, then known as Forest Guardians, submitted a petition to the Secretary to list 475 species in the U.S. Fish and Wildlife Service's ("FWS's") Southwest Region as endangered or threatened under the ESA and to designate critical habitat for these species (hereinafter the "Southwest Petition"). The 475 species, each specifically identified in the petition, represented all full species in the FWS's Southwest Region not currently listed or considered candidates for listing, by the Secretary, but which are considered as "critically imperiled" or "imperiled" according to the NatureServe database.

6

WildEarth Guardians asked the Secretary to incorporate all information in the NatureServe database concerning these species as part of its petition. NatureServe is an authoritative database compiling the best available scientific information on thousands of species. NatureServe defines a "critically imperiled" species as one at a very high risk of extinction due to extreme rarity, very steep population declines, or other factors. NatureServe defines an "imperiled" species as one at high risk of extinction due to very restricted range, very few populations, steep population declines, or other factors. These definitions are the functional equivalent of the ESA's definitions of endangered and threatened species.

22.    The Secretary received the Southwest Petition by certified mail on June 22, 2007, according to certified mail receipts. On July 11, 2007, the Secretary acknowledged receipt of the Southwest Petition by letter stating the Petition was received on June 25, 2007. In his response the Secretary acknowledged that the Petition incorporated all analysis, references, and documentation provided by NatureServe in its online database.

23.    Pursuant to the ESA, the Secretary should have made a 90-day finding on WildEarth Guardians' Southwest Petition on or about September 25, 2007. On October 3, 2007, WildEarth Guardians sent the Secretary and FWS a formal 60-day notice letter pursuant to the 60-day notice requirement of the citizen suit provision of the ESA, 16 U.S.C. § 1540(g), informing the Secretary and FWS that they were violating the ESA by failing to make a 90-day finding on the Southwest Petition. According to certified mail receipts, the Secretary and FWS received WildEarth Guardians' 60-day notice letter on October 10, 2007. Neither the Secretary, nor FWS has responded in any manner to WildEarth Guardians' 60-day notice letter. WildEarth Guardians' believes it is practicable for the Secretary to immediately make a positive 90-day finding on all 475 species covered in the Southwest Petition because the Petition and

NatureServe represents the best available science and certainly provide "that amount of information that would lead a reasonable person to believe that the measure proposed in the petition may be warranted." 50 C.F.R. § 424.14(b).

24.     To date the Secretary has failed to make a 90-day finding on any of the 475 species covered in WildEarth Guardians' Southwest Petition.

**II.    The Rocky Mountain Petition**

25.     On July 24, 2007, WildEarth Guardians, then known as Forest Guardians, submitted a petition to the Secretary to list 206 species in FWS's Mountain-Prairie Region as endangered or threatened under the ESA and to designate critical habitat for these species (hereinafter the "Rocky Mountain Petition"). The 206 species, each specifically identified in the petition, represented all full species in the FWS's Mountain-Prairie Region not currently listed or considered candidates for listing, by the Secretary, but which are considered as "critically imperiled" or "imperiled" according to the NatureServe database. WildEarth Guardians asked the Secretary to incorporate all information in the NatureServe database concerning these species as part of its petition.

26.     The Secretary received the Rocky Mountain Petition by certified mail on July 30, 2007, according to certified mail receipts. On August 24, 2007, the Secretary acknowledged receipt of the Rocky Mountain Petition by letter stating the Petition was received on July 30, 2007. In his response the Secretary stated that he would begin work on the Petition in October 2007.

27.     Pursuant to the ESA, the Secretary should have made a 90-day finding on WildEarth Guardians' Rocky Mountain Petition on or about October 30, 2007. On November 8, 2007, WildEarth Guardians sent the Secretary and FWS a formal 60-day notice letter pursuant to

the 60-day notice requirement of the citizen suit provision of the ESA, 16 U.S.C. § 1540(g), informing the Secretary and FWS that they were violating the ESA by failing to make a 90-day finding on the Rocky Mountain Petition.  According to certified mail receipts, the Secretary and FWS received WildEarth Guardians' 60-day notice letter on November 14, 2007.  FWS's Rocky Mountain Region did respond to WildEarth Guardians 60-day notice letter, by letter dated January 10, 2008, and stated that FWS anticipated making negative 90-day findings on some of the 206 species covered by the Petition by September 2008.  WildEarth Guardians believes it is practicable for the Secretary to immediately make a positive 90-day finding on all 206 species covered in the Rocky Mountain Petition because the Petition and NatureServe represents the best available science and certainly provide "that amount of information that would lead a reasonable person to believe that the measure proposed in the petition may be warranted." 50 C.F.R. § 424.14(b).

28.     To date the Secretary has failed to make the 90-day finding on any of the 206 species covered by WildEarth Guardians' Rocky Mountain Petition.  Given past experiences with FWS, WildEarth Guardians has no confidence that FWS will make 90-day findings on any of the species covered by the Rocky Mountain Petition absent a Court Order requiring the agency to do so.

29.     For purposes of this lawsuit, and to avoid a proliferation of litigation, WildEarth Guardians has combined both Petitions and all 681 species covered by the Petitions into this single action.

## CLAIM FOR RELIEF

30.     Each and every allegation set forth in this Complaint is incorporated herein by reference.

31. The Secretary has failed to make 90-day findings on WildEarth Guardians' Petitions to list 475 species in FWS's Southwest Region and 206 species in FWS's Mountain-Prairie Region, and has failed to publish such findings, or findings for any of the combined 681 species covered by the Petitions, in the Federal Register.

32. The Secretary has violated his duty under the ESA by failing to make these 90-day findings within 90-days because it is practicable to make such findings. 16 U.S.C. § 1533(b)(3)(A); 5 U.S.C. §706.

33. By failing to render a 90-day finding on either of WildEarth Guardians' Petitions and by failing to render 90-day findings for any of the 681 species covered by the Petitions, the Secretary has unreasonably delayed and unlawfully withheld compliance with section 4(b)(3)(A) of the ESA within the meaning of the APA. 16 U.S.C. § 1533(b)(3)(A); 5 U.S.C. § 706.

## PRAYER FOR RELIEF

WHEREFORE, WildEarth Guardians requests that this Court enter judgment providing the following relief:

1. A declaration that the Secretary has violated the ESA by failing to make a 90-day finding on either of WildEarth Guardians' Petitions or for any of the 681 species covered by the Petitions;

2. A declaration that the Secretary has unlawfully withheld and unreasonably delayed agency action in violation of the APA by failing to make a 90-day finding on either of WildEarth Guardians' Petitions or for any of the 681 species covered by the Petitions;

3. An injunction compelling the Secretary to make 90-day findings on WildEarth Guardians' Petitions to list 681 species, and to publish such findings in the Federal Register by a date certain;

  4. An order awarding WildEarth Guardians its costs of litigation, including reasonable attorney's fees;

  5. Such other and further relief as the Court deems just and proper.

Respectfully submitted this 19th day of March 2008.

              s/ Robert Ukeiley
              Staff Attorney, WildEarth Guardians
              1536 Wynkoop Street, Suite 300
              Denver, CO 80202
              Tel: (720) 563-9306
              Fax: (866) 618-1017
              E-Mail: rukeiley@wildearthguardians.org

Of Counsel

s/James Jay Tutchton
James Jay Tutchton
Environmental Law Clinic
University of Denver, Sturm College of Law
2255 E. Evans Ave., Suite 365H
Denver, CO 80208
Ph: 303-871-7870
Fax: 303-871-6991
E-Mail: jtutchton@law.du.edu

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I.(a) PLAINTIFFS
WildEarth Guardians

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __88888__
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Robert Ukeiley
WildEarth Guardians
1536 Wynkoop St., Ste. 300
Denver, CO 80202

## DEFENDANTS
Dirk Kempthorne

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

Case: 1:08-cv-00472
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 3/19/2008
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ◉ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes:
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☒ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

3

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⦿ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

16 U.S.C. § 1540(g) Endangered Species Act deadline citizen suit

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ n/a   Check YES only if demanded in complaint
JURY DEMAND:  YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 3/19/08   SIGNATURE OF ATTORNEY OF RECORD  [signature]

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.