IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILDEARTH GUARDIANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:08-CV-472 |
| | ) | |
| DIRK KEMPTHORNE, | ) | |
| Secretary of the Interior, | ) | |
| Defendant, | ) | |
| | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR
DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Defendant Dirk Kempthorne, Secretary of the United States Department of the Interior,

by and through undersigned counsel, hereby answers and asserts defenses to the claims and

allegations made by Plaintiff WildEarth Guardians in its Complaint For Declaratory Judgment

and Injunctive Relief:

**Introduction**

1.    The allegations in the first sentence of paragraph 1 constitute a statement of Plaintiff's

case to which no response is required.  With regard to the second sentence of paragraph

2, Defendant admits that the U. S. Fish and Wildlife Service (hereinafter "Service") has

not yet made preliminary 90-day findings on all of the 681 species contained in two

separate listing petitions submitted by Forest Guardians under the Endangered Species

Act ("ESA").  The remaining allegations in the second sentence constitute conclusions of

law to which no response is required.  The allegations in the third sentence of paragraph

1 constitute a statement of Plaintiff's case to which no response is required.

**Jurisdiction and Venue**

2.    The allegations in paragraph 2 constitute conclusions of law to which no response is

required.

3.    The allegations in paragraph 3 constitute conclusions of law to which no response is

required.

4.    With respect to the allegations in paragraph 4, Defendant admits that Forest Guardians

provided a written notice of its claims to Defendant and that the written notice was

received more than 60 days prior to the filing of this suit.  The remaining allegations in

paragraph 4 constitute conclusions of law to which no response is required.

5.    With respect to the allegations in paragraph 5, Defendant admits that the Service has not

yet made findings on the Petitions submitted by Forest Guardians.  The remaining

allegations in paragraph 5 constitute conclusions of law to which no response is required.

6.    The allegations in the first sentence of paragraph 6 constitute conclusions of law to which

no response is required.  With respect to the allegations in the second sentence of

paragraph 6, Defendant admits that Secretary Kempthorne resides in this judicial district.

The remaining allegations in the second sentence of paragraph 6 constitute conclusions of

law to which no response is required.

**Parties**

7.    Defendant is without sufficient information to either admit or deny the allegations of

paragraph 7, and therefore denies the allegations.

8.    Defendant admits the allegations in the first and second sentences of paragraph 8.  The

allegations in the third sentence constitute a statement of Plaintiff's case to which no

response is required.  Defendant admits the allegations in the fourth sentence of

paragraph 8.

## **LEGAL BACKGROUND**

9.      The allegations in paragraph 9 purport to characterize a provision of the ESA, which

speaks for itself and is the best evidence of its contents.  Any allegations contrary to the

plain language and meaning of the ESA are denied.

10.     The allegations in paragraph 10 purport to characterize provisions of the ESA, which

speak for themselves and are the best evidence of their contents.  Any allegations

contrary to the plain language and meaning of the ESA are denied.

11.     The allegations in paragraph 11 purport to characterize provisions of the ESA, which

speak for themselves and are the best evidence of their contents.  Any allegations

contrary to the plain language and meaning of the ESA are denied.

12.     The allegations in paragraph 12 purport to characterize provisions of the ESA, which

speak for themselves and are the best evidence of their contents.  Any allegations

contrary to the plain language and meaning of the ESA are denied.

13.     The allegations in paragraph 13 purport to characterize provisions of the ESA and its

implementing regulations, which speak for themselves and are the best evidence of their

contents.  Any allegations contrary to the plain language and meaning of the ESA and its

implementing regulations are denied.

14.     The allegations in paragraph 14 purport to characterize provisions of the ESA and its

implementing regulations, which speak for themselves and are the best evidence of their

contents.  Any allegations contrary to the plain language and meaning of the ESA and its

implementing regulations are denied.

15.    The allegations in paragraph 15 purport to characterize a provision of the ESA, which

speaks for itself and is the best evidence of its contents.  Any allegations contrary to the

plain language and meaning of the ESA are denied.

16.    The allegations in paragraph 16 purport to characterize provisions of the ESA and its

implementing regulations, which speak for themselves and are the best evidence of their

contents.  Any allegations contrary to the plain language and meaning of the ESA and its

implementing regulations are denied.

17.    The allegations in paragraph 17 purport to characterize a provision of the ESA, which

speaks for itself and is the best evidence of its contents.  Any allegations contrary to the

plain language and meaning of the ESA are denied.

18.    The allegations in paragraph 18 purport to characterize a provision of the ESA, which

speaks for itself and is the best evidence of its contents.  Any allegations contrary to the

plain language and meaning of the ESA are denied.

19.    The allegations in paragraph 19 purport to characterize provisions of the ESA, which

speak for themselves and are the best evidence of their contents.  Any allegations

contrary to the plain language and meaning of the ESA are denied.

20.    The allegations in paragraph 20 purport to characterize a provision of the ESA, which

speaks for itself and is the best evidence of its contents.  Any allegations contrary to the

plain language and meaning of the ESA are denied.

**FACTS**

### I.    The Southwest Petition

21.    The allegations in the first sentence of paragraph 21 purport to characterize a June 18, 2007 petition submitted by Forest Guardians related to species in the Southwestern United States (hereineafter "the Southwest Petition"). The Southwest Petition speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. With respect to the allegations in the second sentence of paragraph 21, Defendant admits that the Southwest Petition identified 470 species that are not currently listed or considered candidates for listing by the Secretary, and avers that the Petition identified 3 species that are currently candidates for listing and one species that is already listed. The remaining allegations in the second sentence of paragraph 21 purport to characterize a database maintained by NatureServe, available at www.natureserve.org. The NatureServe database speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in the third sentence of Paragraph 21 purport to characterize the Southwest Petition, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in the fourth, fifth, and sixth sentences of paragraph 21 purport to characterize the NatureServe database, which speaks for itself and is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied. The allegations in the seventh sentence of paragraph 21 constitute conclusions of law to which no response is required.

22.    With respect to the allegations in the first sentence of paragraph 22, Defendant admits

that the Secretary's office received the Southwest Petition on or about June 25, 2007.

Defendant is without sufficient knowledge to either admit or deny the remaining

allegations in the first sentence, and on that basis denies the allegations.   Defendant

admits the allegations in the second sentence of paragraph 22.

23.     The allegations in the first sentence of paragraph 23 constitute conclusions of law to

which no response is required.  In response to the allegations in the second sentence of

paragraph 23, Defendant admits that the Secretary and the Service received a letter from

Forest Guardians dated October 3, 2007 regarding the Southwest Petition.  To the extent

the allegations in the second sentence constitute legal conclusions, no response is

required.  The remaining allegations in the second sentence purport to characterize Forest

Guardian's October 3, 2007 letter, which speaks for itself and is the best evidence of its

contents.  Any allegations contrary to its plain language and meaning are denied.  With

respect to the allegations in the third sentence of paragraph 23, Defendant admits that his

office received Forest Guardian's letter on or about October 3, 2007.  Defendant is

without sufficient knowledge to either admit or deny the remaining allegations in the

third sentence, and on that basis denies the allegations.  Defendant admits the allegations

in the fourth sentence of paragraph 23.  With respect to the allegations in the fifth

sentence of paragraph 23, Defendant is without sufficient knowledge of Plaintiff's beliefs

to either admit or deny the allegation that Plaintiff believes an immediate finding is

practicable, and on that basis denies the allegation.  To the extent the allegations in the

fifth sentence purport to characterize the ESA's implementing regulations, the

regulations speak for themselves and are the best evidence of their contents.  Any

allegations contrary to their plain language and meaning are denied.  The remaining

allegations in the fifth sentence constitute conclusions of law to which no response is

required.

24.     Defendant denies the allegations in paragraph 24.

## II.  The Rocky Mountain Petition

25.     The allegations in the first sentence of paragraph 25 purport to characterize a July 24,

2007 petition submitted by Forest Guardians related to species in the Mountain-Prairie

Region (hereinafter "the Rocky Mountain Petition"), which speaks for itself and is the

best evidence of its contents.  Any allegations contrary to its plain language and meaning

are denied.  With respect to the allegations in the second sentence of paragraph 25,

Defendant admits that the Rocky Mountain Petition identified 206 species that are not

currently listed or considered candidates for listing by the Secretary.  The remaining

allegations in the second sentence of paragraph 25 purport to characterize the

NatureServe database, which speaks for itself and is the best evidence of its contents.

Any allegations contrary to its plain language and meaning are denied.  The allegations in

the third sentence of Paragraph 25 purport to characterize the Rocky Mountain Petition,

which speaks for itself and is the best evidence of its contents.  Any allegations contrary

to its plain language and meaning are denied.

26.     With respect to the allegations in the first sentence of paragraph 26, Defendant admits

that the Secretary's office received the Rocky Mountain Petition on or about July 30,

2007.  Defendant is without sufficient knowledge to either admit or deny the remaining

allegations in the first sentence, and on that basis denies the allegations.  Defendant

admits the allegations in the second and third sentences of paragraph 26.

27.    The allegations in the first sentence of paragraph 27 constitute conclusions of law to

which no response is required.  In response to the allegations in the second sentence of

paragraph 27, Defendant admits that the Secretary and the Service received a letter from

Forest Guardians dated November 8, 2007 regarding the Southwest Petition.  To the

extent the allegations in the second sentence constitute legal conclusions, no response is

required.  The remaining allegations in the second sentence purport to characterize Forest

Guardian's November 8, 2007 letter, which speaks for itself and is the best evidence of

its contents.  Any allegations contrary to its plain language and meaning are denied.

With respect to the allegations in the third sentence of paragraph 27, Defendant admits

that his office received Forest Guardian's letter on or about November 14, 2007.

Defendant is without sufficient knowledge to either admit or deny the remaining

allegations in the third sentence, and on that basis denies the allegations.  Defendant

admits the allegations in the fourth sentence of paragraph 27.  With respect to the

allegations in the fifth sentence of paragraph 27, Defendant is without sufficient

knowledge of Plaintiff's beliefs to either admit or deny the allegation that Plaintiff

believes an immediate finding is practicable, and on that basis denies the allegation.  To

the extent the allegations in the fifth sentence purport to characterize the ESA's

implementing regulations, the regulations speak for themselves and are the best evidence

of their contents.  Any allegations contrary to their plain language and meaning are

denied.  The remaining allegations in the fifth sentence constitute conclusions of law to

which no response is required.

28.    With respect to the allegations in the first sentence of paragraph 28, Defendant admits

that no 90-day findings have been made to date in response to the Rocky Mountain

Petition but avers that the Service has made findings with respect to certain species listed

in the Petition.  With respect to the allegations in the second sentence of paragraph 28,

Defendant denies that it will not make 90-day findings on any of the species covered by

the Rocky Mountain Petition absent a Court order.  With respect to the remaining

allegations in the second sentence, Defendant is without sufficient knowledge to either

admit or deny Plaintiff's beliefs, and on that basis denies the allegations.

29.    The allegations in paragraph 29 constitute statements of the Plaintiff's case to which no

response is required.

## CLAIM FOR RELIEF

30.    Defendant incorporates by reference the responses to the allegations in paragraphs 1-29.

31.    With respect to the allegations in paragraph 31, Defendant admits that, to date, the

Service has not made or published 90-day findings on Plaintiff's Petitions.  However,

Defendant denies that 90-day findings are required for all of the 681 species covered by

Plaintiff's Petitions.

32.    The allegations in paragraph 32 constitute conclusions of law to which no response is

required.

33.    The allegations in paragraph 33 constitute conclusions of law to which no response is

required.

**PRAYER FOR RELIEF**

The remainder of the Complaint consists of Plaintiff's request for relief, to which no

response is required.  To the extent a response is required, Defendant denies that Plaintiff is

entitled to the relief sought in the Complaint or to any relief whatsoever.

**GENERAL DENIAL**

Defendant denies any allegations of the Complaint, whether express or implied, that are

not specifically admitted, denied or qualified herein.

**AFFIRMATIVE DEFENSES**

1.      The Court lacks subject matter jurisdiction over Plaintiff's claim.


WHEREFORE, Defendants respectfully request that this Court deny all relief sought by

Plaintiff, grant judgment to Defendant, and grant Defendant any other appropriate relief.


Respectfully submitted this 9th day of June, 2008.

<div style="margin-left:40%">

RONALD J. TENPAS
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division
JEAN E. WILLIAMS, Chief
LISA LYNNE RUSSELL, Assistant Chief

/s/ Kristen Byrnes Floom
KRISTEN BYRNES FLOOM, Trial Attorney
DC Bar No. 469615
RICKEY D. TURNER, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife and Marine Resources Section
Benjamin Franklin Station, P.O. Box 7369
Washington, DC 20044-7369

</div>

Telephone: (202) 305-0340
Facsimile: (202) 305-0275
Kristen.Floom@usdoj.gov

Attorneys for Defendant